UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X

DYNCORP INTERNATIONAL and
FIDELITY & CASUALTY CO. OF
NEW YORK/CNA INTERNATIONAL,

        Plaintiffs-Petitioners,

  - against -

ELIZABETH A. MECHLER and
DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,

        Defendants-Respondents.
------------------------------------- X

**OPINION AND ORDER**

08 Civ. 8309 (SAS)



**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

Employer Dyncorp International ("Dyncorp") and its insurance carrier Fidelity & Casualty Co. of New York ("Fidelity") petitioned this Court to review the Benefits Review Board's order in *Mechler v. DynCorp International*. In its order, the Benefits Review Board ("Board") reversed the administrative law judge's finding that employee Elizabeth Mechler's claim for disability benefits, under the Defense Base Act ("DBA"), was untimely filed. Respondent Director of the Office of Workers' Compensation Programs ("Director") now moves this

Court to dismiss the petition for want of jurisdiction, arguing that this Court lacks jurisdiction because the Board's order was not a final order as is required by statute.

## II. BACKGROUND

### A. Facts

On April 17, 2004, Elizabeth Mechler was shot while working in Kosovo as a correctional officer for Dyncorp.[1] She "was shot in the femoral artery area of her left leg and sustained injuries to her left leg and pelvic bone."[2] After recuperating for several weeks, Mechler returned to her job at Dyncorp until May 2005.[3] When she returned to the United States, she was told by the State of Kansas Department of Corrections, where she had worked prior to going to Kosovo, "that she was no longer able to work in the position she held prior to leaving for Kosovo because of her mental and physical abilities."[4] On April 16, 2006, Mechler filed her claim for benefits with the Department of Labor under the

---

[1] *See* Decision and Order of the Administrative Law Judge ("ALJ Order"), Ex. 2 to Declaration of Petitioners' Attorney Michael W. Thomas in Opposition to Respondents' Motion to Dismiss ("Thomas Decl."), at 4.

[2] *Id.*

[3] *See id.* at 5.

[4] *Id.* at 6.

DBA,[5] which extends coverage of the Longshore and Harbor Workers' Compensation Act ("LHWCA").[6]

## B. Procedural History

After Mechler filed her claim for benefits, a hearing was held in Topeka, Kansas on January 23, 2007.[7] At the hearing, the parties stipulated to the following facts: (1) The claim was subject to the DBA; (2) Mechler and Dyncorp were in an employer-employee relationship at the time of the incident that is the subject of this claim; (3) Mechler's injury was compensable under the Act; and (4) Dyncorp was timely notified under the Act.[8] Aside from the issues stipulated to, other issues remained unsettled, including whether the claim was timely filed and the nature and extent of the injury.[9] The administrative law judge ("ALJ") proposed and the parties agreed to bifurcate the issues and to first address the

---

[5] See 42 U.S.C. §§ 1651-1654.

[6] See 33 U.S.C. §§ 901-950.

[7] See ALJ Order 1-2.

[8] See id. at 2; see also 29 C.F.R. § 18.51 ("The parties may by stipulation . . . orally made at a hearing agree upon any facts in the proceeding[ a]nd when received in evidence, shall be binding on the parties thereto.").

[9] See Transcript of 1/23/07 Hearing ("Hearing Tr."), Ex. 1 to Thomas Decl., at 29:6-13.

timeliness question.[10] On August 31, 2007, the judge issued an order finding that Mechler's claim was not filed within the time required under the Act.[11]

Mechler thereafter sought review by the Board.[12] In an order issued July 30, 2008, the Board "[reversed] the administrative law judge's finding that Mechler's claim for disability benefits was untimely filed."[13] The Board determined that the "judge's findings [were] not supported by substantial evidence or in accordance with law."[14] The Board then "remanded for findings regarding the remaining issues raised by the parties."[15] On September 26, 2008, prior to any proceedings on remand, Dyncorp and Fidelity petitioned this Court to review the Board's order.

---

[10] *See id.* at 32:22-33:7 ("JUDGE BULLARD: I would be happy, if you want, to bifurcate the medical from the timeliness issue and issue a decision on the timeliness issue. It would limit, of course, your effort in producing a brief, if you were to just focus on that, but that's totally up to you. How do you feel about that, Mr. Barnett? MR. BARNETT [employee's attorney]: It doesn't make a difference. I'm happy to minimize the work on this, if that's agreeable to Michael. MR. QUINN [employer's attorney]: I would certainly agree to that.").

[11] *See* ALJ Order 12-13.

[12] *See* Decision and Order of the Benefits Review Board ("BRB Order"), Ex. 3 to Thomas Decl., at 3.

[13] *Id.* at 7.

[14] *Id.* at 4.

[15] *Id.*

## III. APPLICABLE LAW

### A. Rule 12(b)(1) — Lack of Subject-Matter Jurisdiction

The Federal Rules of Civil Procedure "govern proceedings . . . for enforcing or reviewing a compensation order under the Longshore and Harbor Workers' Compensation Act."[16] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it."[17] If there is a factual dispute, the district court should "[not] accept the mere allegations of the complaint as a basis for finding subject matter jurisdiction"[18] and "may refer to evidence outside the pleadings. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."[19]

### B. Defense Base Act

Mechler's claim for benefits was brought under the Defense Base Act, which extends coverage of the LHWCA to certain employment relationships

---

[16] Fed. R. Civ. P. 81(a)(6)(F).

[17] *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citations omitted).

[18] *Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922, 932 (2d Cir. 1998).

[19] *Makarova*, 201 F.3d at 113.

outside the continental United States.[20] According to the LHWCA, after a claim has been filed, a hearing must be held "upon application of any interested party."[21] Such hearing is presided over by an administrative law judge.[22] After the administrative law judge issues an order, "any party of interest" may appeal the decision to the Board, which is "authorized to hear and determine appeals raising a substantial issue of law or fact . . . . The Board's orders shall be based upon the hearing record."[23]

### 1. Judicial Review Under the Act

After the Board issues a "final order," the LHWCA allows for judicial review.[24] There is a split among the circuits, however, as to whether the initial judicial review of a Board order arising under the DBA is by the district courts or the courts of appeal. The source of this uncertainty is the conflicting language of two provisions: section 921(c) of Title 33 of the United States Code,

---

[20] *See* 42 U.S.C. § 1651(a) ("Except as herein modified, the provisions of the Longshore and Harbor Workers' Compensation Act . . . shall apply in respect to the injury or death of [workers covered under the DBA].").

[21] 33 U.S.C. § 919(c).

[22] *See id.* § 919(d).

[23] *Id.* § 921(b)(3).

[24] *Id.* § 921(c).

which directs review to the courts of appeal, and section 1653(b) of Title 42 of the United States Code, which directs review to the district courts.

### a. Brief History of the Two Acts

In 1927, Congress passed the LHWCA to compensate for disability and death "result[ing] from an injury occurring upon the navigable waters of the United States."[25] As first enacted, the LWHCA permitted judicial review of compensation orders by "the Federal district court for the judicial district in which the injury occurred."[26] In 1941, Congress passed the DBA, which extended the benefits of the LWHCA to certain employment relationships outside the continental United States.[27] Because the DBA covers employment outside the continental United States, the injuries covered by the Act would never occur within a judicial district. Almost certainly for this reason, the DBA contained its own jurisdictional provision — now codified as section 1653(b).[28] Instead of review by the district court of the district where the injury occurred, compensation orders arising under the DBA would be reviewed by the "district court of the

---

[25] 33 U.S.C. § 903(a).

[26] LHWCA, ch. 509, § 21(b), 44 Stat. 1436 (1927).

[27] *See* DBA, ch. 357, 55 Stat. 622 (1941).

[28] *See* DBA § 3(b) (codified at 42 U.S.C. § 1653(b)).

judicial district wherein is located the office of the deputy commissioner whose compensation order is involved."[29]

In 1972, the LHWCA was substantially amended: The Act now requires that the initial hearing be presided over by a hearing examiner, not a deputy commissioner;[30] the first review would be by the newly-created Benefits Review Board, not a district court;[31] and final orders of the Board would be reviewable by the "court of appeals for the circuit in which the injury occurred."[32] The result of this change is that instead of claims going from deputy commissioner to district courts to courts of appeal, claims now go from administrative law judge to Benefits Review Board to courts of appeal.

### b. Circuit Split

Although it seems reasonable that the DBA's jurisdiction provision would also have been amended to direct judicial review to a court of appeal, it never was. The incongruence between the two judicial review provisions has

---

[29] *Id.*

[30] *See* Oct. 27, 1972, Pub. L. No. 92-576, § 14(d), 86 Stat. 1261. Hearings are now presided over by administrative law judges. *See* May 27, 1978, Pub. L. No. 95-251, § 2(a)(10), 92 Stat. 183.

[31] *See* § 15(a), 86 Stat. at 1261-62.

[32] *Id.*

caused a circuit split as to whether the initial judicial appeal of claims arising under the DBA is by a district court or a court of appeal. The Fourth,[33] Fifth,[34] Sixth,[35] and Eleventh[36] circuits have held that the initial judicial review of Board orders arising under the DBA is by the district courts. The D.C. Circuit in dictum has agreed with these circuits.[37] These circuits reason that the language of section 1653(b) is unambiguous. Thus, in these circuits, the initial judicial review of

---

[33] *See Lee v. Boeing Co.*, 123 F.3d 801, 805 (4th Cir. 1997) ("[J]udicial review of DBA claims differs from judicial review of LHWCA claims. After the administrative determination and initial appeal to the Board, jurisdiction for judicial review in DBA cases lies in the appropriate district court, not in the court of appeals.").

[34] *See AFIA/CIGNA Worldwide v. Felkner*, 930 F.2d 1111, 1116 (5th Cir. 1991) (holding that "Section 1653 is unambiguous in requiring" that review begin in the district courts).

[35] *See Home Indem. Co. v. Stillwell*, 597 F.2d 87, 89 (6th Cir. 1979) ("The . . . statute is unambiguous and it clearly requires judicial proceedings to review a compensation order made pursuant to the Defense Base Act to be conducted in the United States district court . . . . The Defense Base Act does not provide for direct review of compensation orders in the court of appeals.").

[36] *See ITT Base Servs. v. Hickson*, 155 F.3d 1272, 1275 (11th Cir. 1998) ("We now join the majority of circuits to have addressed the issue and hold that judicial review of compensation orders arising under the DBA must be commenced in the district courts.").

[37] *See Hice v. Director, Office of Workers' Compensation Programs*, 156 F.3d 214, 218 (D.C. Cir. 1998) (dictum) ("While Congress's use of the phrase 'in the United States court of appeals for the circuit in which the injury occurred' leaves us inclined to agree with the Fourth, Fifth, and Sixth Circuits, we need not decide that issue for ourselves.").

orders arising under the LHWCA is by the court of appeal, but the initial judicial review of final orders arising under the DBA is by the district court. This necessarily means that claims brought under the DBA have an additional level of review as compared to claims brought under the LHWCA because the final order of the district court can be appealed to the court of appeals.[38]

The Ninth Circuit, on the other hand, has held that the DBA requires the initial judicial review to be by the court of appeal.[39] That court found that by adding the phrases "and as the same may be amended hereafter" to section 1 of the DBA in 1942, Congress intended the Act to be a statute of general reference[40] — meaning that the DBA should be read as if it included the subsequent amendments to the LHWCA. As first enacted in 1941, section 1 of the DBA stated

---

[38] *See* 28 U.S.C. § 1291; *Felkner*, 930 F.2d at 1116 ("[A] party dissatisfied with the results in the district court has an additional appeal of right to the United States court of appeals for the circuit wherein lies the district court from which the appeal is taken.").

[39] *See Pearce v. Director, Office of Workers' Compensation Programs*, 603 F.2d 763 (9th Cir. 1979) ("We thus conclude . . . that [section] 3(b) of the Defense Base Act [42 U.S.C. § 1653(b)] does not confer jurisdiction on the district court but merely recognizes the jurisdiction conferred by the Longshoremen's Act, and limits that jurisdiction to the court of the district where the official who originally decided the case, the deputy commissioner, has his office.").

[40] *See id.* at 767 ("Looking to that intent, we have no doubt that the Act is a statute of general reference.").

> Be it enacted ..., [t]hat except as herein modified, the provisions of the Act entitled "Longshoremen's and Harbor Workers' Compensation Act" approved March 4, 1927 (44 Stat. 1424), as amended, *and as the same may be amended hereafter*, shall apply in respect to the injury or death of any [employee covered under the DBA].[41]

Using this logic, the court held that section 1653(b) of the DBA was changed by the 1972 amendments to the LHWCA so "that phrase 'in the United States District Court' . . . became inoperable."[42] Although the phrase "and as the same may be amended hereafter" was deleted in 1943,[43] the court reasoned that the deletion did not change the meaning of the provision, "conclud[ing] that the draftsmen omitted the phrase . . . because they thought that it . . . was redundant."[44] Under the Ninth Circuit's approach, the initial judicial review for claims under both the LHWCA and DBA are by the courts of appeal.

Neither the Supreme Court nor the Second Circuit has addressed this issue. Although both have heard cases arising under the DBA that were initially

---

[41] *Id.* (quoting 55 Stat. 622) (emphasis in original).

[42] *Id.* at 770.

[43] *See* DBA, ch. 668, § 301, 56 Stat. 1035 (1942).

[44] *Id.* at 767-68.

heard in a court of appeal,[45] this does not imply that either court has confronted the issue.

I agree with those courts that have held that judicial review under the DBA is by the district court. The Supreme Court has explained that

> in interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: "judicial inquiry is complete."[46]

As held by the majority of the circuits, the text of section 1653(b) is unambiguous. That provision mandates that "[j]udicial proceedings provided under [the LHWCA] in respect to a compensation order made pursuant to [the DBA] shall be instituted in the United States district court of the judicial district wherein is located the office of the [District Director][47] whose compensation order is

---

[45] *See Director, Office of Workers' Compensation Programs v. Rasmussen*, 440 U.S. 29 (1979) (affirming judgment of Seventh Circuit, which heard appeal directly from the Benefits Review Board); *University of Rochester v. Hartman*, 618 F.2d 170 (2d Cir. 1980) ("Pursuant to § 21 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 921, the [employers] are appealing the Board's decision.").

[46] *Connecticut Nat'l Bank v. Germaine*, 503 U.S. 249, 253-54 (1992) (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981)).

[47] *See* 20 C.F.R. § 701.301(a)(7) ("The term District Director is substituted for the term Deputy Commissioner used in the statute."); *see also*

involved . . . ."[48] This Court further adopts the reasoning of the Fifth Circuit:

> While . . . recogniz[ing] that taking this rather attenuated avenue to review DBA compensation orders may be cumbersome and duplicative, it is not [this Court's] function to correct Congressional oversight, particularly when such oversight does not lead to impossible or absurd results. It is for Congress to eliminate any redundant steps insinuated by the 1972 amendments to the LHWCA. Until Congress so acts, [this Court is] bound to interpret the DBA according to its plain, unambiguous language.[49]

### 2.  Final Order

To obtain judicial review of an order of the Board, section 921(c) requires such order to be a "final order": "Any person adversely affected or aggrieved by a *final order* of the Board may obtain a review of that order . . . ."[50] "The required finality for reviewability of an order of the Board follows, for the same reasons of policy, the contours of the finality-requirement under [section 1291 of Title 28 of the United States Code] for appealability of decisions of the

---

*Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding & Dry Dock Co.*, 514 U.S. 122, 138 (1995) (Ginsburg, J., concurring) (noting that deputy commissioners are now called district directors).

[48]   42 U.S.C. § 1653(b).

[49]   *AFIA/CIGNA Worldwide*, 930 F.2d at 1116-17.

[50]   33 U.S.C. § 921(c) (emphasis added).

district courts."[51] "[T]he well-settled general rule [is] that a judgment or order is not final unless it ends the litigation on the merits and leaves nothing for the trier to do but execute the judgment."[52] An order is not final where "the exact damage award has not been determined."[53] A Board order which is "remanded . . . to the administrative law judge for further findings is not a 'final order' so as to be statutorily subject to judicial review at this time."[54] The final order requirement in section 921(c)

> mirrors exactly the concerns which underbrace [section] 1291, the statute which, in general, restricts appellate review of interlocutory orders. Avoidance of the mischief of multiple appeals in a single litigation ranks high on the list; so does, in a case such as this, the desirability of minimizing disruption of the administrative process. . . .[55]

But "where the effect of the district court decision is to resolve all that the parties

---

[51] *Newpark Shipbuilding & Repair, Inc. v. Roundtree*, 723 F.2d 399, 400 (5th Cir. 1984) (en banc). *Accord Eggers v. Clinchfield Coal Co.*, 11 F.3d 35, 38 (4th Cir. 1993).

[52] *Newpark Shipbuilding*, 723 F.2d at 400.

[53] *Newport News Shipbuilding & Dry Dock Co. v. Director, Office of Workers' Compensation Programs*, 590 F.2d 1267, 1268 (4th Cir. 1978).

[54] *Newpark Shipbuilding*, 723 F.2d at 400.

[55] *Director, Office of Workers' Compensation Programs v. Bath Iron Works Corp.*, 853 F.2d 11, 13 (1st Cir. 1988) (citations and quotation marks omitted).

asked the court to accomplish, and 'where the parties agree there cannot be — and by court order, there will not be — any further proceedings in the district court as part of the same action,' the district court's determination is a final judgment."[56]

## IV. DISCUSSION

### A. Motion to Dismiss

Director argues that this petition should be dismissed for lack of jurisdiction because the Board's order was not final.[57] He contends that the order did not end this litigation and that several issues remain to be determined, including "Mechler's compensation rate, the nature and extent of her disability, and the duration of that disability."[58]

Dyncorp and Fidelity allege that the Board's order is final because they had "stipulated to all but one issue[,] that of 'nature and extent of injury.'"[59] They further allege that Respondents have conceded that the issues of the nature and extent of Mechler's injury "would be the subject of an informal resolution

---

[56] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1010-11 (10th Cir. 2000) (quoting *ALCOA v. Beazer East, Inc.*, 124 F.3d 551, 560 (3d Cir. 1997)).

[57] *See* Respondent Director's Memorandum of Law Supporting Motion to Dismiss, at 1.

[58] *See id.* at 6.

[59] Petitioners' Memorandum of Law Opposing Motion to Dismiss, at 6.

-15-

between the parties without the necessity for judicial intervention."[60] The petitioners further contend that "[t]he parties . . . agreed on the record to limit the court's adjudication to that of determining the question of whether the claim is barred by the statute of limitations."[61]

The Board's order is not final because it did not "end[] the litigation on the merits and leave[] nothing for the trier to do but execute the judgment";[62] did not "[determine] the exact damage award";[63] and because the Board "remanded for findings regarding the remaining issues raised by the parties."[64]

The nature and extent of the injury was never resolved.[65] Although the petitioners' attorney stated during the hearing that the nature and extent of Mechler's injury "would be fairly well drawn"[66] and "fairly easy to find,"[67] the issues still remain unsettled. Indeed, the record shows that the administrative law

---

[60] *Id.* at 6-7.

[61] *Id.* at 7.

[62] *Newpark Shipbuilding*, 723 F.2d at 400.

[63] *Newport News Shipbuilding*, 590 F.2d at 1268.

[64] BRB Order 7; *see also Newpark Shipbuilding*, 723 F.2d at 400.

[65] *See* Hearing Tr. 29:6-13.

[66] *Id.* at 31:13.

[67] *Id.* at 32:12-13.

judge "bifurcate[d] the medical from the timeliness issue and issue[d] an order on the timelineness issue." Now that the timeliness issue has been adjudicated, the medical issue remains.

Dyncorp and Fidelity have failed to prove by a preponderance of the evidence that the Board's order is final. Thus, this Court lacks the statutory power to adjudicate it. As a result, this case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

## V.  CONCLUSION

For the foregoing reasons, Respondents' motion to dismiss is granted without prejudice. The Clerk of the Court is directed to close this motion [docket numbers 9, 13, 14, and 15] and to close this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          February 6, 2009

## -Appearances-

### For Dyncorp International and Fidelity & Casualty Company of New York/CNA International:

Keith Lee Flicker, Esq.
Flicker, Garelick & Associates, LLP
45 Broadway
New York, NY 10006
(212) 319-5240

Michael W. Thomas, Esq.
Laughlin, Falbo, Levy & Moresi, LLP
255 California Street, Suite 600
San Francisco, CA 94111
(415) 781-6676

### For Elizabeth A. Mechler:

David Cumes Barnett, Esq.
Barnett & Lerner, P.A.
2860 Marina Mile, Suite 105
Fort Lauderdale, FL 33312
(954) 920-7400

### For Director, Office of Worker's Compensation Programs United States Department of Labor:

Matthew W. Boyle
U.S. Department of Labor (Washington)
Office of The Solicitor, Plan Benefits Security Division
200 Constitution Avenue, Nw, Room N-4611
Washington, DC 20210
(202) 693-5658